# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| JOHNNY S. CLEMONS, and ANGELA TOMBERLIN, | *<br>*<br>* |
| Plaintiffs, | *<br>* |
| | *     CV 517-83 |
| v. | *<br>* |
| HEART TO HEART ADOPTIONS, INC., DONNA POPE, individually and as agent of Heart to Heart Adoptions, Inc., and BONNIE HILTON, individually and as agent to Heart to Heart Adoptions, Inc., | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* |
| Defendants. | * |

## **ORDER**

Plaintiffs Johnny Clemons ("Clemons") and Angela Tomberlin ("Tomberlin") originally filed this action in the Superior Court of Bacon County. See Dkt. No. 1-1. Defendants removed the action to this Court and filed answers. See id., dkt. nos. 3, 6. Plaintiffs individually notified the Court of their voluntary dismissal of this action without prejudice, dkt. nos. 7, 8, and the Court subsequently directed the Clerk to close this case, dkt. no. 9. Defendants now move to vacate or modify the Court's Order, dkt. no. 9, and Strike Plaintiff Clemons' voluntary dismissal, dkt. no. 7. Dkt. No. 10. For the reasons

below, Defendants' motion, dkt. no. 10, is **GRANTED** in part and **DENIED** in part.

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41, which allows a plaintiff to unilaterally dismiss an action by notice of dismissal only "before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). After a defendant has filed an answer, however, the plaintiff may dismiss an action only by filing a stipulation of dismissal signed by all parties who have appeared.  See  FED. R. CIV. P. 41(a)(1)(A)(ii). Defendants argue that because they filed their Answer before Plaintiffs filed their notices of voluntary dismissal, Plaintiffs' notices of voluntary dismissal—which were not signed by Defendants—do not comply with the requirements of Rule 41. Dkt. No. 10.  The Court agrees and **VACATES** its prior Order, dkt. no. 9, instructing the Clerk to close this case as a result of Plaintiffs' dismissals.

Defendants indicate, however, that they have no objection to dismissing Plaintiff Tomberlin's claims without prejudice. Dkt. No. 10 at 2 n.1.  Taking the parties' contentions together, the Court construes Plaintiff Tomberlin's notice of voluntary dismissal, dkt. no. 8, as a motion to dismiss her claims without prejudice.  There being no objection from Defendants, that motion is **GRANTED**.

2

Defendants do oppose dismissing Plaintiff Clemons' claims without prejudice and move to strike his notice of dismissal, dkt. no. 7. Dkt. No. 10 at 3-4. While Defendants' objection to the notice itself is warranted, a motion to strike is unnecessary and procedurally incorrect. "[M]otions to strike are only appropriately addressed towards matters contained in the pleadings[.]" Polite v. Dougherty County School System, 314 F. App'x 180, 184 n.7 (11th Cir. 2008). Here, the filing Defendants seek to strike is a notice of dismissal, which is not a pleading. See id.; FED. R. CIV. P. 7(a). Accordingly, Defendants' motion to strike, dkt. no. 10, is **DENIED**. Nevertheless, because Defendants did not stipulate to dismissal of Clemons' claims, see dkt. no. 7, the notice of dismissal is nullified. Plaintiff Clemons' claims remain pending.

## CONCLUSION

The Court's Order, dkt. no. 9, is **VACATED**. The Clerk is directed to reopen this case. Plaintiff Tomberlin's notice of dismissal, dkt. no. 8, is construed as a motion to dismiss without prejudice, and it is **GRANTED**. Plaintiff Tomberlin's claims are **DISMISSED** without prejudice. The Clerk is directed to terminate her as a plaintiff in this action. Defendants' Motion to Vacate or Modify the Court's Order and Strike Plaintiff Clemons' Voluntary Dismissal, dkt. no. 10, is **GRANTED** to the extent it seeks to vacate the Court's Order, dkt. no. 9,

3

but **DENIED** to the extent it seeks to strike Plaintiff Clemons' notice of dismissal, dkt. no. 7. Nevertheless, because Plaintiff Clemons' notice of dismissal, dkt. no. 7, does not comply with Rule 41, his claims remain pending.

**SO ORDERED**, this 14 day of July, 2017.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA